IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ASHFORD, ADC #133975,     \*
                                                       \*
            Plaintiff,            \*
v.                                                   \*
                                                     \*     No. 5:12-cv-00352-JJV
BILLY STRAUGHN, Warden, Maximum    \*
Security Unit, ADC; *et al.*,               \*
                                                      \*
           Defendants.          \*

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

Plaintiff Charles Ashford, a state inmate at the Maximum Security Unit of the Arkansas Department of Correction, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Warden Billy Straughn and ADC Director Ray Hobbs, alleging failure to protect and deliberate indifference to his serious medical needs.

**II.     PRELIMINARY INJUNCTION**

Currently pending before the Court is Plaintiff' second Motion for Preliminary Injunctive Relief,[1] in which he claims that Nurse Murray refused to deliver his aspirin and Zantac during a pill call on January 17, 2013 (Doc. No. 26). Plaintiff asks the Court to order the ADC to cease denying him medical treatment.

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability

---

[1] Plaintiff's first Motion, in which he alleged that he was stabbed on two occasions by inmates, and requested a transfer to another prison, was denied by Order dated January 8, 2013 (Doc. No. 25).

that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id*. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). The Court in *Goff* also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'…[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. at 520-21, *quoting Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

The Court finds Plaintiff does not present any facts or evidence to support a finding of irreparable harm as a result of a one-time denial of aspirin and Zantac by a non-party. Plaintiff also does not present facts or evidence to show how the named Defendants were involved in the incident which occurred, and provides no facts to support the need for a hearing under *Dataphase*. Absent such, the Court is reluctant to interfere with prison administration, as set forth in *Goff*.

### III.  CONCLUSION

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 26) is DENIED.

SO ORDERED this 4th day of February, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE